[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 11651
The plaintiff husband and the defendant wife were married on December 26, 1985 in Pakistan. The plaintiff has resided continuously in the state of Connecticut for at least one year prior to the commencement of this action.
The evidence also shows that on October 20, 1985, the parties were married in an Islamic wedding in London, England.
From the evidence, the Court concludes that the marriage has broken down irretrievably, there is no prospect for any reconciliation and a decree of dissolution may enter.
This is a marriage of short duration, marked by continued conflict between the parties. The Court cannot say, with any degree of certainty, that one party was at greater fault for the breakdown than the other.
One child was born to the wife, which child is issue of the marriage and is a minor, to wit: Sofia Iqbal, born April 29, 1987.
The parties are in apparent good health and neither is unable to work because of any health problem. The testimony showed that the husband lost three toes because of an accident in 1989 and also suffers from a back problem.
The husband is an assistant jewelry manager in a store in North Carolina. He earns approximately $18,000 gross per year. The wife is a design engineer and shows on her financial affidavit gross annual earnings of approximately $25,000. The evidence shows that her hourly rate of earnings is $13.30. The Court will also note that the husband is a medical doctor, but is not certified in the United States. He failed to acquire certification on three separate occasions.
Much of the testimony revolved around the payment of a telephone bill (Exhibit A) in the amount of $471.54. Although most of the charges were incurred while the husband was absent from the marital premises, the wife asks the Court to have the husband pay for this bill. CT Page 11652
Having considered all of the evidence and the mandates of Connecticut General statutes 46b-81, 46b-82 and46b-84, the Court further finds and orders as follows:
(1) Custody of the minor child shall be with the mother, and father shall have visitation with the child on Saturday afternoons in Connecticut from 2:00 p.m. to 7:00 p.m. Because the husband has not exercised scheduled visitation in the past, the Court, at this time, is reluctant to grant more liberal rights of visitation. If a pattern of visitation is established, the Court, upon application, should consider increasing the father's visitation. Certainly, it would be in the best interests of the child and the father if summer visitation could be established.
Neither party may remove the child from the United States.
(2) The wife shall maintain the child on her medical insurance as available through her employment. All unreimbursed expenses and deductions shall be divided equally. These orders are in accordance with the provisions of Connecticut General statutes 46b-84(c).
(3) The husband shall pay $69 per week as child support. The Court further finds that the guidelines are applicable. These payments shall be secured by an immediate wage garnishment.
(4) The 1984 Cimarron shall become the sole and exclusive property of the husband. The 1989 Chevrolet and 1982 Cadillac shall become the sole and exclusive property of the wife. The parties shall execute any documents to effect the transfer in accordance with the Court's orders.
(5) Except as otherwise provided, each of the parties will retain ownership of the real estate which is in his or her name and the personal property and accounts which are presently in his or her name or may be in his or her possession.
(6) The wife shall be responsible for the payment of the telephone bill and all other liabilities shown on her financial affidavit. The husband shall be responsible for CT Page 11653 the payment of the liabilities shown on his financial affidavit, including the Bradlee's bill. Each of the parties will, to the extent possible, remove the other party's name from all joint accounts.
(7) The husband and wife shall alternate the IRS exemption for the minor child. The husband shall have the even-numbered tax years and the wife the odd-numbered tax years.
(8) No alimony is awarded to either party.
(9) Each party shall name the child as irrevocable beneficiary on all life insurance policies available through their respective employment.
Mihalakos, J.